ALEXANDER LAZARRE *v.* WILLIAM PATTERSON SNOW.

The period after the lapse of which no appeal will lie, is to be computed from the day when the judgment was rendered; not from that on which it was notified to the party against whom it was given.

THIS is a case from the District Court for the parish of Caldwell, *Wilson*, J.

*Garrett*, for the plaintiff.

*McGuire* and *Ray*, for the defendant.

MARTIN, J. The dismissal of the appeal is prayed for on the ground that it was not taken within a year from the rendition of the judgment. The latter was signed on the 8th April, 1840, and the appeal was granted on the 12th April, 1841.

It is true the judgment was not notified to the defendant until the 13th April, 1841, and the appeal had been granted the day before. The judge's fiat expressly states that the appeal bond is to be given for $1600 for a suspensive appeal, and for $200 if only a devolutive appeal is taken. The bond was accordingly executed for the larger sum.

The Code of Practice, article 575, provides ' that if the appeal has been taken within ten days, not including Sundays, *after* judgment has been *notified* to the party cast in the suit, it shall stay execution and all further proceedings until a definitive judgment be rendered on the appeal, &c.' It is contended that this clause authorizes a suspensive appeal if applied for within ten days after the notification of the judgment; and that the appellant might well wait to take measures for the suspension of the appeal until the appellee manifest his intention to execute the judgment by giving notice of it; and that the latter must impute the delay in the application for the appeal to his own *laches*. This would be correct

reasoning if there were not another article in the Code of Practice which fixes a time, after which no appeal, suspensive or devolutive, can be taken. The article 593 expressly says that ' no appeal will lie, except as regards minors, after a year has expired, to be computed from the day on which the final judgment was rendered, &c.' In the case of minors the time is to be computed from the day of their becoming of age. Ib., 593. This precludes the idea that the computation of time is to be made from the date of the notification of judgment.

*Appeal dismissed.*